# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JEFFREY M COVER,<br><br>        Petitioner,<br><br>    v.<br><br>JEFFREY A UTTECHT,<br><br>        Respondent. | CASE NO. 3:19-CV-05064-BHS-DWC<br><br>ORDER |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Jeffrey M Cover filed a federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. *See* Dkt. 3. Currently before the Court is Petitioner's Motion to Lift Stay and for Appointment of Counsel. Dkt. 24 ("Motion").

After review of the relevant record, Petitioner's Motion (Dkt. 24) is granted-in-part and denied-in-part. The Court lifts the stay and denies Petitioner's request to appoint counsel.

ORDER - 1

**I. Request to Lift Stay**

On May 6, 2019, the Court stayed this case pending the resolution of Petitioner's personal restraint petition ("PRP") in the state courts. Dkt. 12. On November 4, 2020, the Washington Supreme Court issued a decision on Petitioner's Motion to Modify. Dkt. 24 at 3. Petitioner now requests the Court lift the stay as the state court proceedings are completed. Dkt. 24. Respondent agrees. Dkt. 25.

After considering Petitioner's Motion and the relevant record, the Court lifts the stay. Respondent shall file a supplemental answer to the Petition on or before March 1, 2021. The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, Respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a supplemental response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and Respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

**II. Appointment of Counsel**

Petitioner also moves for the appointment of counsel. Dkt. 24. There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of

the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

In this case, Petitioner asserts he needs counsel for this action primarily because his access to the law library is limited due to COVID-19 restrictions taken by the DOC. Dkt. 24. At this time, the Court has not determined an evidentiary hearing will be necessary, and Petitioner does not contend counsel is necessary to utilize discovery procedures. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Additionally, Petitioner effectively articulated the grounds for relief raised in the Petition, litigated his PRP in the state courts, and has filed a successful Motion to Stay, all of which establish Petitioner has been able to file appropriate motions and understand filings in this case. The grounds raised in the Petition are not factually or legally complex. *See* Dkt. 3. Petitioner has also not shown he is likely to succeed on the merits of this case. Therefore, Petitioner has not shown he is unable to litigate this case without the assistance of counsel because of his limited access to the law library due to COVID-19 restrictions.

The Court finds Petitioner has not shown appointment of counsel is appropriate at this time. Accordingly, the request for the appointment of counsel (Dkt. 24) is denied without prejudice.

Dated this 12th day of January, 2021.

David W. Christel
United States Magistrate Judge