UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY M. COVER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JEFFREY A. UTTECHT,<br><br>　　　　　　Respondent. | CASE NO. C19-5064 BHS<br><br>ORDER |

This matter comes before the Court on Magistrate Judge David W. Christel's Report and Recommendation ("R&R"), Dkt. 55, and Petitioner Jeffrey M. Cover's objections to the R&R, Dkt. 58. The Court adopts Judge Christel's R&R as to Cover's Grounds One through Four and reserves ruling on Ground Five.

## I.　BACKGROUND

The factual and procedural background of Cover's underlying criminal case and trial are discussed in detail in the R&R and need not be repeated in full here. *See* Dkt. 55 at 2–7. In brief, Cover was charged with three counts of third-degree rape of a child occurring between the dates of April 1, 2006 and April 14, 2007. *Id.* at 3. He admitted to having been in a sexual relationship with a teenage relative who he married following her

ORDER - 1

1  disclosure of the relationship to a different family member and that family member's
2  report to the police. *Id.* at 2–5.
3  　　　Before trial, Cover's attorney, Jeffrey Staples, presented him with a plea offer
4  from the State for fifty months imprisonment. Dkt. 55 at 23–24 (citing Dkt. 32-1 at 1012,
5  1152–53, 1074). Staples incorrectly conveyed this offer to Cover—the State had offered
6  Cover sixty, not fifty, months. *Id.* Nevertheless, Cover rejected the fifty-month offer. *Id.*
7  Staples seemed to have believed at the time that he would be able to procure a better deal
8  because he had recently received a recantation letter from the alleged victim. *Id.* The
9  State did not make any further offers and the case proceeded to trial. *Id.*
10 　　　At trial, the State presented Cover's own confession, his girlfriend's[1] confession,
11 the victim's testimony, and the victim's prior consistent statements. *Id.* at 3–5. The
12 defense presented the recantation letter from the victim. *Id.* at 3. The victim testified that
13 she did not recall drafting the letter and that statements in the letter were false. *Id.*
14 　　　The jury convicted Cover on all three counts. *Id.* at 6. The jury also found
15 aggravating factors for each count because the offenses were committed as part of an
16 ongoing pattern of sexual abuse of the same underage victim and because Cover
17 demonstrated a lack of remorse. *Id.*
18 　　　At sentencing, Cover's attorney agreed that an upward variance from the normal
19 sentencing range of sixty months was appropriate given the jury's finding of aggravating
20 factors. *Id.* at 6. He argued, however, that despite that concession, 150–180 months was
21
22 　　　[1] Cover's girlfriend was involved in some of the sexual incidents with the underage victim.

ORDER - 2

more than necessary. The sentencing court concluded an upward variance was appropriate given the finding of the aggravating factors and sentenced Cover to 180 months. *Id.* at 7.

Cover filed a direct appeal and later a personal restraint petition ("PRP") in state court. The claims raised during those proceedings are discussed in relevant part below. Cover now moves for habeas relief under 28 U.S.C. § 2254 raising five grounds for relief: (1) insufficient evidence based on a lack of evidence corroborating his confession; (2) ineffective assistance of counsel based on a failure to provide a medical expert to rebut the State's expert; (3) ineffective assistance of counsel based on counsel arguing for an exceptional sentence upwards; (4) ineffective assistance of counsel based on counsel failing to convey subsequent plea agreements to Cover; and (5) charges being brought past the applicable limitations period in RCW 9A.04.080. *See generally* Dkt. 48.

Judge Christel recommends denying Cover's claims and dismissing the case. Dkt. 55. He concludes that Grounds One through Three are unexhausted and procedurally defaulted, that Ground Four fails on the merits, and that Ground Five is untimely because it was not included in Cover's original petition. Dkt. 55. Cover objects to each of Judge Christel's conclusions. Dkt. 58. Cover's claimed grounds for relief, Judge Christel's recommendations, and the parties' respective arguments are discussed in turn.

## II.  DISCUSSION

**A.   Standard of Review**

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life &*

1  *Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23,
2  2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019
3  WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash
4  claims asserted in the Petition, which the magistrate judge has already addressed in the
5  R&R, are not sufficient under Fed. R. Civ. P. 72.").

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress established a "1-year period of limitation" governing motions for habeas relief under Section 2254. 28 U.S.C. § 2244(d)(1). For purposes of the instant petition, the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing

legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard is "difficult to meet" and "highly deferential" such that state court decisions are to be "given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotations omitted). Review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* "When more than one state court has adjudicated a claim, [the Court] analyze[s] the last reasoned decision." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797 (1991)).

**B.      Grounds 1–3**

In Ground One, Cover asserts that he is entitled to habeas relief because there was insufficient evidence to support his conviction. Dkt. 58 at 5. Specifically, he alleges that no evidence was introduced at trial to corroborate his statement admitting to the crimes. *Id.* In Ground Two, Cover asserts that his counsel's assistance was ineffective because he "failed to provide a medical expert to rebut the State's medical expert." *Id.* at 7. In Ground Three, Cover asserts that his counsel's assistance was ineffective because he "requested and argued for an exceptional sentence upward." *Id.* at 8.

Uttecht responds that Grounds One, Two, and Three are unexhausted and procedurally defaulted because Cover failed to present the claims to the Washington

Supreme Court. Dkt. 49 at 14–19. He also argues that Cover's Grounds One through Three fail on the merits. *Id.* at 20–29, 31–32.

Cover replies that he fairly presented the substance of his federal claims in state court and that, because he is a pro se prisoner, his pleadings should be read generously. Dkt. 54 at 6.

Judge Christel concluded that Cover's Grounds One through Three are unexhausted and procedurally defaulted. Dkt. 55 at 14–20. He determined first that Cover failed to exhaust Ground One because he did not raise it as a federal constitutional claim in either his direct appeal or his PRP. *Id.* at 16. He next determined that Cover failed to exhaust Grounds Two and Three because he failed to raise them in his direct appeal and at each level of his PRP. *Id.* at 17. Judge Christel further concluded that all three grounds are procedurally defaulted[2] because they are barred by the state limitations period, Cover has not and cannot show good cause for failing to raise them in his previous PRP, and Cover does not advance a claim of actual innocence. *Id.* at 17–20.

Cover objects, arguing that he properly and sufficiently presented all of his claims to the state court. Dkt. 58 at 9–11.

The Court agrees with Judge Christel that Cover failed to present Grounds Two and Three to the Washington Supreme Court because he did not include them in his motion for discretionary review of his personal restraint petition. *See* Dkt. 49 at 17 (citing

---

[2] Judge Christel declined to consider Uttecht's argument that Grounds One through Three also fail on the merits because he concluded they were procedurally defaulted. *Id.* at 20 n.4.

ORDER - 7

Dkt. 32-1 at 1086–1114). Further, those claims are now barred by the applicable limitations period and are therefore procedurally defaulted.

The Court also agrees that Cover failed to present Ground One as a federal claim to the state courts. Cover presented Ground One to both the Court of Appeals and the Supreme Court of Washington as a state law claim. *See* Dkt. 32-1 at 700, 844. Uttecht argues, and Judge Christel agrees, that Cover did not fairly present the *federal* constitutional claim to the state courts.

Cover cites *Tamapus v. Shimoda*, 796 F.2d 264, 263 (9th Cir. 1986), to support his contention that "a state prisoner [shall] not be denied access to the federal courts because he failed to cite 'book and verse on the federal constitution.'" While that case is similar, the Ninth Circuit has since changed its approach following the Supreme Court's decision in *Duncan v. Henry*, 513 U.S. 364 (1995). *See Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). In *Johnson*, the Ninth Circuit adopted *Duncan*'s rule: "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Id.*; *see also Casey v. Moore*, 386 F.3d 896, 914 (9th Cir. 2004).

Cover failed to raise Ground One in state court as a federal constitutional claim. Therefore, the R&R is adopted as to Grounds One through Three, and Cover's habeas petition on those grounds is DENIED.

ORDER - 8

**C.     Ground 4**

As to Ground Four,[3] Cover argues that Staples' assistance was ineffective in two ways when it came to conveying plea information. Dkt. 36 at 27–30. First, he alleges that Staples failed to accurately convey the State's first offer: Staples told Cover the State had offered him fifty months when the State had offered him sixty months. *Id.* Second, he alleges that Staples told him, after receiving the victim's recantation letter, that he was going to try to negotiate a better deal with the State—a deal less than fifty months. *Id.* Cover alleges that Staples never informed him of any progress on those negotiations. *Id.*

Uttecht responds that Staples properly informed Cover of the State's only plea offer, and Cover rejected it. Dkt. 49 at 29–31. He argues that Cover made an informed decision to reject the plea offer, no further offers were ever made, and counsel's assistance therefore was not ineffective on this matter. *Id.*

Judge Christel concluded that the state court's decision as to Ground Four was not contrary to, or an unreasonable application of, clearly established federal law. Dkt. 55 at 20–25. Judge Christel, like Uttecht, focused on the fact that the State made only one plea offer to Cover, Staples conveyed that offer, and Cover rejected it. *Id.* Ultimately, Judge Christel concluded that Cover failed to show that his counsel failed to present a plea deal

---

[3] In his amended petition, Cover states Ground Four as simply: "Ineffective Assistance of Trial Counsel – Sixth Amendment Violation – Plea and Settlement Offer." Dkt. 48 at 10. He does not provide further explanation of this ground aside from saying: "see attached at Argument III." It is unclear what Cover means by referring to "Argument III"; there are no attachments to his amended petition. *See generally* Dkt. 48. The R&R therefore considered the Sixth Amendment plea and settlement offer argument Cover advanced in a previous filing. Dkt. 36. It seems likely this is the "Argument III" to which Cover refers because it is labeled "3." *Id.* at 27. The Court thus follows this same approach.

ORDER - 9

to him that he would have accepted. *Id.* Judge Christel therefore recommends the Court dismiss Cover's Ground Four. *Id.* at 25.

Cover objects, arguing that Staples violated his Sixth Amendment right to effective assistance of counsel because, after informing Cover that he had received the victim's recantation letter and that he would try to pursue counteroffers, he never presented Cover with any counteroffers. Dkt. 58 at 8–9.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court evaluates ineffective assistance of counsel claims under the two-prong test set forth in *Strickland*. To prevail under *Strickland*, a defendant must prove (1) that his counsel's performance was deficient, and (2) that this deficient performance was prejudicial. *Id.* The Court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The attorney's performance is evaluated from counsel's perspective at the time. *Id.*

The *Strickland* test governs challenges to guilty pleas based on the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). A defendant who pleads guilty upon the advice of counsel may attack the voluntary nature of the guilty plea only by showing that the advice he received from counsel to enter the plea was ineffective. *Id.* at 56–57 (citing *Tollet v. Henderson*, 411 U.S. 258, 267 (1973)). An attorney's advice to enter a plea is ineffective if it falls below "'the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). With respect to *Strickland*'s prejudice requirement, "the defendant

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59 (footnote omitted). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A defendant has the right to effective assistance of counsel during plea bargain negotiations. *Missouri v. Frye*, 566 U.S. 134, 144–45 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). Counsel who misadvises a defendant about the law or who improperly coerces a defendant to accept a plea bargain may be found deficient. *See Lafler v. Cooper*, 566 U.S. 156, 168 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.").

The Court agrees with Judge Christel that the state court's decision was not contrary to, or an unreasonable application of, clearly established law. Staples presented Cover with the only offer the State made, albeit incorrectly. Staples conveyed a more favorable plea deal than the one the State offered, and Cover *rejected* the *more favorable* plea deal. There was no prejudice in Staples' error. Further, there was never a second plea offer to convey; Staples confirmed as much in his declaration attached to the response to Cover's personal restraint petition. Dkt. 55 at 24 (quoting Dkt. 32-1 at 1012 ("There was no second offer made by the State, although the prosecutor and I had some discussion about possible counter-offers that [Petitioner] could make.")).

Cover failed to show that Staples did not present him with a plea offer that he would have accepted; he was not denied effective assistance of counsel. Therefore, the

1   R&R is ADOPTED as to Ground Four, and Cover's habeas petition on those grounds is
2   DENIED.

3   **D.    Ground 5**

4   In Ground Five, Cover asserts that he is entitled to habeas relief because the
5   "[a]cts charged and tried to [the] jury were beyond the limitations of actions of RCW
6   9A.04.080." Dkt. 48 at 12. Specifically, he alleges that, before July 26, 2009, third-degree
7   rape of a child was subject to a three-year limitations period, that the State charged him
8   with crimes allegedly committed between 2006–2007, and that, at the time he was
9   charged in 2015, the applicable limitations period had expired. Dkt. 36 at 21–27.

10  Uttecht responds that Cover failed to raise Ground Five in his original petition,
11  that Cover's amended petition is outside of the limitations period, and that Ground Five
12  does not relate back to any claims raised in his original, timely-filed petition. Dkt. 49 at
13  12–14.

14  Cover replies that Ground Five does relate back to claims in his original petition
15  because he asserted in his original petition that some or all of his convictions "may be
16  subject to the limitations of actions of RCW 9A.04.080 due to filing after the limitations
17  has run." Dkt. 54 at 3 (citing Dkt. 3 at 15). He further argues that he raised Ground Five
18  in his PRP. *Id.* at 4.

19  Judge Christel concluded that Cover's Ground Five was past AEDPA's one-year
20  limitations period because it was not asserted in his original petition, and it does not
21  relate back to any claims asserted in that petition. Dkt. 55 at 10–13. He further concluded

22

that Cover did not argue for equitable tolling of Ground Five and that it was nevertheless unwarranted. *Id.* at 14.

Cover objects, arguing that Ground Five does, in fact, relate back to claims in his original petition. Dkt. 58 at 3–8.

The Court agrees with Cover that Ground Five relates back to his original petition. Under Fed. R. Civ. P. 15, an amendment made after the limitations period has run "'relates back to the date of the original pleading,' thereby avoiding AEDPA's time bar, when 'the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Walden v. Shinn*, 990 F.3d 1183, 1202 (9th Cir. 2021) (quoting Fed. R. Civ. P. 15). Pro se plaintiffs are ultimately held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Cover, moving pro se, raised his limitations period argument in his original petition, albeit not as a separate ground for relief. *See* Dkt. 48 at 14 ("In addition, some or all [of the counts] may be subject to the Limitation of Actions of RCW 9A.04.080 due to filing after the limitations has run."). It cannot be the case that a pro se prisoner seeking habeas relief is barred from asserting a claim because he did not put it under the correct heading. Uttecht was on notice that Cover intended to assert the limitations period claim and it is clearly stated in his original petition. His brief assertion of his limitations period

argument was sufficient such that Ground Five relates back[4] to his original petition and was timely filed.

Uttecht did not brief the merits of Ground Five, but it appears that Cover's limitations period argument may have some merit as to Count One. In reviewing Cover's PRP, the Washington Court of Appeals determined that the limitations period for Cover's crimes had been extended from seven years to the victim's twenty-eighth birthday, and later to the victim's thirtieth birthday. Dkt. 32-1 at 1075. In that case, the limitations period in Cover's criminal case would not have expired until 2021—well after he was charged and convicted. *Id.*

But, as Cover asserts, the limitations period for third degree rape of a minor was never seven years—prior to 2009, it was *three* years. RCW 9A.44.079, the statute under which Cover was charged, was not included in any enumerated limitations period in RCW 9A.04.080 prior to 2009, including RCW 9A.04.080(1)(c) which, before 2009, set the limitations period for certain crimes at seven years.

From 2006 to 2009, the limitations period for all other felonies was three years. *See* former RCW 9A.04.080(1)(h) (2006). RCW 9A.04.080(1)(c) was amended in 2009, adding RCW 9A.44.079 (third degree rape of a minor) as an enumerated crime and extending the limitations period to the victim's twenty-eighth birthday. That amendment

---

[4] Moreover, Cover's Motion for Appointment of Counsel and Lift of Stay, Dkt. 24, likely should have been interpreted as a motion to amend. *See United States v. Jackson*, 21 F.4th 1205, 1216 (9th Cir. 2022) (remanding because the district court failed to consider a filing titled "evidence in support of petitioner's motion under § 2255" as a motion to amend). Cover clearly stated his limitations period claim in detail in that motion. *See* Dkt. 24 at 10, 11–12, 13–16.

ORDER - 14

became effective on July 26, 2009. The legislature amended the statute again in 2013 to extend the limitations period to the victim's thirtieth birthday. *See* former RCW 9A.04.080(1)(c) (2013). In sum, and most importantly for this case, the limitations period for third-degree rape of a minor was three years until July 26, 2009.

Cover was convicted of three counts of rape of a minor, under RCW 9A.44.079 (a class C felony) for incidents occurring between April 1, 2006, and April 14, 2007. *See* Dkt. 32-1 at 656 (Felony Judgment and Sentence). Cover was charged by information on July 29, 2015, by amended information on February 3, 2016, and by second amended information on February 10, 2016. Dkt. 32-1 at 638–39. The victim turned twenty-eight in 2019 and thirty in 2021. *See* Dkt. 49 at 2. The jury did not make any specific findings about the specific dates within the given time period that Cover committed his crimes.

"When the Legislature extends a criminal statute of limitation, the new period of limitation applies to offenses not already time barred when the new enactment was adopted and became effective." *State v. Hodgson*, 108 Wn. 2d 662, 666–67 (1987) (en banc). Thus, for the time period between April 1, 2006, and July 25, 2006, the limitations period expired before the 2009 amendment. For the remainder of the charged time period, the limitations period was extended to 2019 and, later, 2021. Nevertheless, it is not clear from the jury's verdict when the jury found that Cover committed his crimes.

The State acknowledged the Court of Appeals' error in its Answer to Cover's Motion for Discretionary Review but argued that the court "can be satisfied that Cover was convicted only for acts that occurred during a time within which the State had the lawful authority to charge: between July 26, 2006, and April 14, 2007." Dkt. 32-1 at

1131. The Supreme Court of Washington concluded that, for Count Two, the State relied on evidence of an incident that occurred in February or March 2007 and, for Count Three, the State relied on evidence of an incident that occurred in April 2007. *Id.* at 1151. The Court acknowledged that Count One may have occurred before July 26, 2006, because it was based on an incident that occurred in the "summer of 2006." *Id.* at 1151–52. Nevertheless, the Supreme Court of Washington concluded, in essence, that Cover had the burden of showing by a preponderance of the evidence that he was convicted of a crime occurring prior to July 26, 2006, and that he failed to do so. *Id.* at 1152. It therefore concluded that Cover failed to show he suffered prejudice or a miscarriage of justice. *Id.*

Further briefing is needed on the merits of Cover's Ground Five. It is not clear to the Court that the Supreme Court's analysis is correct. It is also not clear that Cover's claim is viable given that a statute of limitations defense is non-jurisdictional and waivable. *See United States v. Akmakjian*, 647 F.2d 12, 14 (9th Cir. 1981); *see also Biddinger v. Commissioner of Police*, 245 U.S. 128, 135 (1917).

Therefore, the Court DECLINES to adopt the R&R on this issue. Uttecht is ORDERED to provide supplemental briefing on the merits of Ground Five by March 31, 2023. Cover may respond by April 21, 2023. The case is RE-REFERRED to Judge Christel to consider the merits of Ground Five.

**E.     Remaining Issues**

Judge Christel recommends denying Cover an evidentiary hearing and a certificate of appealability because his claims may be resolved on the existing record and are without merit. Dkt. 55 at 25–26. Cover objects to Judge Christel's recommendation on a

certificate of appealability, arguing that he has raised significant constitutional questions warranting a certificate of appealability. Dkt. 58 at 11–12. Cover also requests the Court appoint him counsel. *Id.* at 3.

As to Grounds One through Four, the Court declines to grant Cover a hearing or a certificate of appealability. The Court reserves ruling on those issues as to Ground Five. The Court similarly reserves ruling on the appointment of counsel issue and will reach a decision following the parties' submission of supplemental briefing.

### III.  ORDER

The Court, having considered the R&R, Petitioner's objections, and the remaining record, does hereby order as follows:

(1)  The R&R is **ADOPTED in part**;

(2)  Petitioner Jeffrey M. Cover's habeas petition on Grounds One through Four is **DENIED**;

(3)  The Court **RESERVES RULING** on Cover's habeas petition with respect to Ground Five;

(4)  The parties are **ORDERED** to submit supplemental briefing as outlined above;

(5)  A Certificate of Appealability is **DENIED** on Grounds One through Four;

(6)  This case shall be **RE-REFERRED** to Judge Christel; and

(7)  The Clerk shall send a copy of this order to the parties and to Judge Christel.

\\

Dated this 15th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 18