UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY M. COVER, | CASE NO. C19-5064 BHS |
| Petitioner, | ORDER |
| v. | |
| JEFFREY A. UTTECHT, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 64, recommending that the Court deny the remaining Ground 5 in pro se Petitioner Jeffery Cover's amended 28 U.S.C. § 2254 habeas petition, Dkt. 48. Cover asserts in Ground 5 that the applicable Washington State limitations period for third degree rape of a minor had expired before he was charged with that crime.

The R&R concludes that the expiration of the state law limitations period is not a cognizable claim for federal habeas relief. It concludes that, even it was, the state court's adjudication of that claim was not contrary to, or an unreasonable application of, federal

law. Dkt. 64 at 2 It recommends denying Cover's petition, dismissing the case, and denying a certificate of appealability under 28 U.S.C. § 2253(c)(3). *Id*.

The details of the underlying charges, the trial, Cover's direct appeal, and his personal restraint petition are described in the R&R, Dkt. 64, in Judge Christel's prior R&R, Dkt. 55, and the Court's order regarding that prior R&R, Dkt. 59.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

1      The R&R concludes that Cover's limitations period argument is not cognizable

2 because courts have routinely concluded that the misapplication of a state statute of

3 limitations does not raise a federal habeas claim. Dkt. 64 at 14 (citing *Loeblein v.*

4 *Dormire,* 229 F.3d 724, 726 (8th Cir. 2000) (rejecting a claim that prosecution was time-

5 barred by applicable state statute of limitations because "a state court's failure properly to

6 apply a state statute of limitations does not violate due process or, indeed, any other

7 provision of the Constitution or a federal statute").

8      Cover objects. Dkt. 67. His objections are detailed and thoughtful, but they do not

9 address the ample authority supporting the conclusion that a state court's resolution of a

10 state limitations period defense is not cognizable as a federal habeas claim. He instead

11 argues, as he did in his amended petition, Dkt. 48, that his prosecution for third degree

12 rape of a minor was time-barred when it was filed.

13      But Cover does not and cannot demonstrate that the state court's resolution of this

14 state law question was contrary to federal law. It was not, as a matter of law, for the

15 reasons articulated in the R&R.

16      Cover's objections are therefore **OVERRULED**. His § 2254 petition is **DENIED**,

17 and this matter is **DISMISSED**. For the reasons articulated in the R&R, the Court will

18 **NOT** issue a certificate of appealability.

19      The Clerk shall enter a **JUDGMENT** and close the case.

20      **IT IS SO ORDERED**.

21 //

22 //

ORDER - 3

1    Dated this 16th day of October, 2023.

2

3

4                               _____

5                           BENJAMIN H. SETTLE
                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4